## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.  10-CV-21847-KING

PEDRO LOPEZ, ARMANDO
MILANES, ALFREDO VALENZUELA,
and all similarly situated plaintiffs,

      Plaintiffs,

v.

LEG.A.SEA DISTRIBUTION SERVICES,
LLC, and STACIE PADILLA, individually

      Defendants.

_____/

### ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Strike Affirmative Defenses (DE #6), filed August 23, 2010.[1]  In sum, Plaintiffs move to strike Defendants' Affirmative Defenses, raised in Defendants' Answer and Affirmative Defenses (DE #4) on August 6, 2010, on individualized grounds.  After careful consideration and for the reasons detailed below, the Court determines that the motion should be granted in part.

There is no doubt that this Court has broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). According to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *see also Williams v. Eckerd Family Youth Alternative,* 908 F.Supp. 908, 910 (M.D. Fla. 1995).  Thus, where appropriate, this Court may strike a defense as insufficient as a matter of law. *Cf. Anchor Hocking Corp. v. Jacksonville Elec. Auth.,*

---

[1] Defendants have failed to respond to Plaintiff's Motion to Strike, and the time to do so has passed.

419 F.Supp. 992, 1000 (M.D. Fla.1976).

Affirmative defenses must generally comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement" of the asserted defense. Fed.R.Civ.P. 8(a). While a defendant is not obligated to set forth detailed and particular facts, it must nonetheless give "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Contrarily, the party raising the affirmative defense must raise more than conclusory allegations. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken." *Id. Cf. Home Design Servs., Inc. v. Park Square Enters., Inc.*, No. 02-637, 2005 WL 1027370 (M.D. Fla. May 2, 2005). Finally, a proper affirmative defense is one of the 19 specifically enumerated defenses of Rule 8(c), or an affirmative defense brought under Rule 8(c)'s catchall clause. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). The mere proffering of a blanket denial does not constitute an affirmative defense as contemplated by Rule 8(c)'s catchall clause. *Id.*

Defendants plead seven affirmative defenses in their Answer to Plaintiffs' Complaint. The first affirmative defense states that Plaintiffs failed to state a claim upon which relief can be granted. (DE #4 at 2.) The second affirmative defense states that Plaintiffs are exempt under the overtime provisions of the FLSA, 29 U.S.C. § 213(b)(1). (*Id.*) The third affirmative defense states that Plaintiffs are exempt under the overtime provisions of the FLSA, 29 U.S.C. § 207. (*Id.* at 3.) The fourth affirmative defense states that Plaintiffs' claims are subject to setoff. (*Id.*) The fifth affirmative defense states that Plaintiffs' claims are barred by equitable estoppel. (*Id.*) The sixth affirmative defense states that Plaintiffs' claims are barred by the *de minimus* doctrine. (*Id.*) The seventh and final affirmative defense claims a good faith defense for violations of the FLSA. (*Id.*)

The Court finds that five of Defendants' affirmative defenses – 1, 4, 5, 6 and 7- must be stricken. In that Defendants fail to provide more than bare bones conclusory statements of affirmative defense without sufficient notice to Plaintiffs regarding the foundation for those defenses, those affirmative defenses shall be stricken for the following individualized reasons.

1) Defendants' first affirmative defense must be stricken as conclusory, in that it broadly states that Plaintiffs have failed to state a claim upon which relief can be granted. The very definition of "affirmative defense" requires that "a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis omitted). Defendants' claim that Plaintiffs have failed to state a cause of action does not satisfy this standard and instead states a legal conclusion.

4) Although the FLSA typically prohibits the affirmative defense of setoff in an FLSA action, *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), there are some instances in which setoff of any damages due to Plaintiffs is not ripe for consideration at this time. For instance, *Brennan* has been overruled in contexts where setoff does not cause employees' wages to fall below the statutory minimum wage. *See, e.g., Nelson v. CK Nelson, Inc.*, No. 07-61416, 2008 WL 2323892, *3 (S.D. Fla. Jun. 2, 2008) (holding that defense of set-off is not barred in all FLSA cases). However, because Defendants have provided no factual basis for determining whether setoff would apply in this instance, the Court shall strike Defendants' fourth affirmative defense without prejudice and permit Defendants to replead the stricken defense with specificity.

5) Likewise, Defendants' fifth affirmative defense, equitable estoppel, shall be stricken. In the context of the FLSA, equitable estoppel is inappropriate as an affirmative defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314 (S.D. Fla. 2005).

6) Defendants' sixth affirmative defense, the *de minimus* doctrine, must be stricken as well. Defendants have utterly failed to provide any factual support for the same.

7) In the same vein, Defendants' seventh affirmative defense, which may be read as raising a "Good Faith Defense" of the Portal to Portal Act of 1947, 29 U.S.C. § 259, fails to provide any factual support for the defense and is therefore legally invalid.

However, Defendants' second and third affirmative defenses shall not be stricken. Under the FLSA, a claim of exemption must be pleaded with particularity. *Morrison*, 434 F. Supp. 2d at 1318; *Schwind v. Assocs., Inc.*, 357 F. Supp. 2d 691 (S.D.N.Y. 2005). Here, Defendants satisfy that particularity requirement.

Accordingly, after a careful review of the record and the Court being otherwise fully

3

advised, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses (DE #6) be, and the same is hereby, **GRANTED in part**. The following affirmative defenses raised by Defendants shall be **STRICKEN**: first, four, fifth, sixth and seventh.

2. Defendants may **AMEND within ten days** their fourth, sixth and seventh affirmative defenses to satisfy the pleading requirements of the Federal Rules and the Fair Labor Standards Act, if possible.

3. Plaintiffs' Motion to Strike is otherwise **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 24th day of September, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiffs**
**Hilary Chulock**
**Franklin Antonio Jara**
Jara & Associates, PA
14850 SW 26 Street
104
Miami, FL 33185
305-227-4030
Fax: 305-223-9811
Email: attorneyjara@gmail.com
*ATTORNEY TO BE NOTICED*

**Ray Garcia**
Law Office of Ray Garcia, P.A.
555 NE 15th Street, Suite 104
Miami, FL 33132
305-379-5330
Fax: 305-485-0360 Email: hchulock@travelers.com

**Counsel for Defendant**
**David S. Shankman**
Shankman, Leone & Westerman, P.A.
609 E. Jackson Street
Suite 100
Tampa, FL 33602
813-223-1099
Fax: 813-223-1055
Email: dshankman@slw-law.com